**NOT FOR PUBLICATION**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Pedro Isaac Martinez,<br><br>Petitioner,<br><br>v.<br><br>United States of America,<br><br>Respondent. | No. CV-13-01132-PHX-SRB<br>CR-11-00248-PHX-SRB<br><br>**ORDER** |

The Court now considers Petitioner Pedro Isaac Martinez's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody. (Doc. 1, Mot.) The matter was referred to Magistrate Judge Bridget S. Bade for a Report and Recommendation. The Magistrate Judge filed her Report and Recommendation recommending that the Motion be denied. (Doc. 10, Report and Recommendation ("R & R").) She further recommended denying a certificate of appealability and leave to proceed in forma pauperis on appeal because Petitioner has not made a substantial showing of the denial of a constitutional right. Petitioner filed his objections to the Report and Recommendation. (Doc. 13, Obj. to R & R.) Having reviewed the record de novo, the Court adopts the Report and Recommendation and denies the Motion.

**I.    BACKGROUND**

The background of this case was summarized in the Report and Recommendation and is incorporated herein:

> In December 2011, pursuant to a plea agreement, Defendant pleaded guilty to one count of Attempted Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (d) (Count 1 of the second superseding indictment),

four counts of Armed Bank Robbery, in violation of 18 U.S.C. § 2113(a) and (c) (Counts 3, 7, 9, and 11 of the second superseding indictment), one count of Interference with Commerce by Violence, in violation of 18 U.S.C. § 1951 (Count 1 of the indictment in the District of Nevada case CR-11-394-KJD-CWH, transferred to the District of Arizona as CR-11-2367-PHX-SRB (the Nevada case)), and Use of a Firearm during a Crime of Violence, in violation of 18 U.S.C. § 924(c)(1)(A)(i, ii, iii) (Count 6 of the second superseding indictment). (CR Doc. 75.) In exchange for Defendant's plea, the government dismissed counts 2, 4, 5, 8, 10, and 12 of the second superseding indictment.[1] (CR Doc. 75 at 3; CR Doc. 74 at 1.)

On June 4, 2012, the Court sentenced Defendant to a 300-month term of imprisonment followed by five years of supervised release. (Doc. 74.) Specifically, the Court sentenced Defendant to 180 months' imprisonment on Counts 1, 3, 7, 9, and 11 in the second superseding indictment (CR Doc. 74 at 1), and on Count 1 of the Nevada case,[2] and to 120 months' imprisonment on Count 6 in the second superseding indictment. (*Id.* at 1.) The Court ordered that the sentences on Counts 1, 3, 7, 9, 11 and Count 1 of the Nevada case run concurrently with each other, and that the sentence on Count 6 run consecutively to the sentences imposed on Counts 1, 3, 7, 9, and 11 and in Count 1 of the Nevada case. (*Id.*)

(R & R at 1-2.)

Petitioner timely filed the Motion to Vacate, Set Aside or Correct Sentence Pursuant to 28 U.S.C. § 2255. In this Motion, Petitioner raised four arguments: (1) his sentences violate the Double Jeopardy Clause of the Fifth Amendment and were erroneously calculated because he received improper weapon enhancements that resulted in double counting, in violation of Amendment 599 of the U.S. Sentencing Guidelines ("USSG"); (2) he received ineffective assistance of counsel when his attorney failed to object to the sentencing guideline range and failed to provide him with a copy of the pre-sentence investigation report ("PSR"); (3) his right to due process was violated when the Probation Office failed to provide him with a copy of the PSR before being sentenced;

---

[1] Counts 2, 4, 8, and 10 of the second superseding indictment charged Petitioner with use of a firearm during a crime of violence, in violation of 18 U.S.C. § 924(c)(1)(A)(I, ii), in relation to the charges of attempted armed robbery in Count 1 (attempted armed robbery on Sept. 25, 2010), and armed robbery in Count 3 (armed robbery on Sept. 30, 2010), Count 7 (armed robbery on Nov. 1, 2010), and Count 9 (armed robbery on Nov. 5, 2010). (CR Doc. 23.) Count 5 of the second superseding indictment charged Defendant with armed robbery on October 26, 2010. (*Id.*)

[2] The judgment in the Nevada case, transferred to Arizona as CR-11-2367-PHX-SRB, is located at Doc. 32 in that case.

1 and (4) the waiver of his right to collaterally attack his sentence under the plea agreement
2 is moot because "fundamental errors" occurred at sentencing. (Mot. at 5-6.) The Report
3 and Recommendation concluded that each of Petitioner's grounds lacked merit and
4 recommended that the Court deny the Motion. (R & R at 3-17.) Petitioner timely filed
5 objections to the Report and Recommendation.

**II.    LEGAL STANDARDS AND ANALYSIS**

A federal prisoner may seek relief under 28 U.S.C. § 2255 if his sentence was "imposed in violation of the United States Constitution or the laws of the United States, . . . was in excess of the maximum authorized by law, or is otherwise subject to collateral attack." 28 U.S.C. § 2255(a). When a prisoner moves for post-conviction relief, the court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b)(1). If a petitioner files timely objections to the magistrate's report and recommendation, the district court must make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. *Id.*; *see also United States v. Reyna–Tapia*, 328 F.3d 1114, 1121 (9th Cir. 2003) (en banc) (stating that the district court is not required "to review, de novo, findings and recommendations that the parties themselves accept as correct").

**A.    Ground 1: Double Jeopardy and Double Counting**

In his Motion, Petitioner argued that because Count 5 (armed bank robbery occurring on October 26, 2010) was dismissed pursuant to his plea agreement, the remaining charges for attempted armed bank robbery and armed bank robbery (Counts 1, 3, 6, 9 and 11, and Count 1 in the Nevada case) were combined and served as the underlying offense for Count 6 (brandishing and discharging a firearm during a crime of violence on October 26, 2010, in violation of 18 U.S.C. § 924(c)). (Mot. at 5, 10-16.) Petitioner argued that because these charges were combined and served as the underlying offense to Count 6, he should not have received weapon enhancements on Counts 1, 3, 6, 9 and 11, and Count 1 in the Nevada case, as such enhancements constitute double

punishment and double counting, in violation of Amendment 599 of the USSG. (*Id.* at 10-16.)

The Magistrate Judge concluded that Petitioner's sentence did not violate Amendment 599 or otherwise result in double counting or double punishment. The Magistrate Judge specifically concluded that although Count 5 was dismissed pursuant to a plea agreement, Petitioner admitted to facts of the armed robbery on October 26, 2010 in the plea agreement and thus the government proved the underlying offense to Count 6. (R & R at 6 n.7 (citing *United States v. Robertson*, 901 F.2d 733, 734 (9th Cir. 2010) (stating that it is not necessary for a defendant charged with a § 924(c) offense be separately charged and convicted of the underlying offense)).) The Magistrate Judge concluded that because Counts 1, 3, 7, 9, and 11, and Count 1 of the Nevada case were not related to the conduct underlying Count 6, the weapon enhancement for each count did not violate Amendment 599 or result in double punishment, in violation of the Double Jeopardy Clause . (*Id.* at 6-7.)

Petitioner objected to the Magistrate Judge's conclusion, arguing that the Magistrate Judge misapplied the relevant sentencing guidelines, statutes, and case law in her analysis of his sentencing. (Obj. to R & R at 2-9.) Petitioner reiterates his argument that his plea agreement "consolidated" his § 924(c) charge and Counts 1, 3, 7, 9, and 11, and Count 1 of the Nevada case, and therefore the weapon enhancement for each charge violated Amendment 599. (*Id.* at 4-5.) To support this conclusion Petitioner argues that the "literal language of Amendment 599 implies that the underlying offense must be conjoined with the 924(c) conviction so that it may subsume all weapons enhancements." (*Id.* at 7.) Petitioner argues that based on the "structure of [his] plea agreement" and the fact that Count 5 was dismissed, the remaining counts were combined to serve as the "underlying offense" to his § 924(c) charge and thus he should not have received weapon enhancements for those remaining charges. (*Id.* at 4-5.)

After conducting a de novo review, the Court concludes that the Report and Recommendation is supported by the record and proper analysis. Amendment 599

modified the USSG applicable to § 924(c) offenses. *See* USSG § 2K2.4. The amended application note states:

> If a sentence under this guideline is imposed in conjunction with a sentence for an underlying offense, do not apply any . . . weapon enhancement in the guideline for the underlying offense, [but, for example,] . . . if a defendant is convicted of two armed bank robberies, but is convicted under 18 U.S.C. 924(c) in connection with only one of the robberies, a weapon enhancement would apply to the bank robbery which was not the basis for the 18 U.S.C. 924(c) conviction.

*Id.* § 2K2.4 n.4. While Petitioner argues that Counts 1, 3, 7, 9, and 11, and Count 1 of the Nevada case must have been consolidated to satisfy the "underlying offense" element of his § 924(c) charge, there is no evidence in the record supporting that conclusion. While the government must prove that a defendant charged with violating § 924(c) committed an underlying crime, "nothing in the statute or the legislative history suggests he must be separately charged with and convicted of the underlying offense." *United States v. Hunter*, 887 F.2d 1001, 1003 (9th Cir. 1989); *see also Castillo v. United States*, 530 U.S. 120, 125 (2000) (citing S. Rep. No. 98-225, pp. 312-314 (1984) ("Section 924(c) sets out an offense distinct from the underlying felony and is not simply a penalty provision.")). In this case, Petitioner admitted to facts of the October 26, 2010 armed robbery (Count 5). (*United States v. Martinez*, 2:11-CR-00248-SRB, Doc. 75, Plea Agreement at 8.) Although Count 5 was dismissed, Petitioner's admission was sufficient to establish that Petitioner committed an underlying crime of violence to support his § 924(c) conviction. Because Petitioner's admission to Count 5 supported his § 924(c) charge, the record does not support Petitioner's argument that Counts 1, 3, 7, 9, 11, and Count 1 of the Nevada case were consolidated to serve as the underlying offense. Because these charges did not support his § 924(c) charge, the Court agrees with the Magistrate Judge that the weapon enhancements for these charges did not violate the Double Jeopardy Clause or Amendment 599.

### B.     Ground 2: Ineffective Assistance of Counsel

In his Motion, Petitioner argued that he received ineffective assistance of counsel when his attorney (1) failed to object to the PSR sentencing calculation, and (2) failed to

1  provide Petitioner with a copy of the PSR. (Mot. at 5.) The Magistrate Judge concluded
2  that Petitioner had failed to show that trial counsel's performance was deficient on either
3  theory. (R & R at 8-11.) While Petitioner indicates that he disagrees with some of the
4  Magistrate Judge's factual findings, he states that he ultimately "concur[s] with [the] R &
5  R [that] if Ground 1 was meritless then the PSR is irrelevant and it was inconsequential
6  whether I reviewed it or not." (Obj. to R & R at 11.) Because the Court determined that
7  no double counting or double punishment occurred in the PSR's calculation of
8  Petitioner's sentence, the Court concludes that Petitioner has no objection to the
9  Magistrate Judge's findings that counsel's performance was not deficient. The Court
10 accepts the Magistrate Judge's findings with respect to Petitioner's ineffective assistance
11 of counsel claim.

      **C.     Ground 3: Due Process**

In his Motion, Petitioner argued that his due process right was violated because (1) he was not provided with "evidence favorable to [Petitioner]," which inhibited his ability to object to the PSR, and (2) he was not provided with a copy of the PSR before sentencing, in violation of USSG § 6A1.2 and Federal Rule of Criminal Procedure 32. (Mot. at 17-18.) The Magistrate Judge concluded that the record shows that Petitioner was not denied access to "evidence favorable to [Petitioner]" that inhibited his ability to challenge the PSR. (R & R at 12 n.11). Petitioner does not object to this finding. The Magistrate Judge also concluded that because the record shows that Petitioner's attorney had read him the PSR and discussed it with him, there was no USSG § 6A1.2 or Rule 32 violation. (*Id.* at 13-14.) Petitioner again states that he "concur[s] if [G]round 1 is meritless then the PSR is irrelevant and no Rule 32 violation occurred." Thus, the Court concludes that Petitioner has no objection to the Magistrate Judge's findings on this ground and the Court accepts the Magistrate Judge's findings with respect to Petitioner's due process claim.

      **D.     Ground 4: Waiver of Right to Bring Collateral Attack**

In his Motion, Petitioner argued that the he did not validly waive his right to seek

- 6 -

collateral review of his sentences because "fundamental error[s]" occurred prior to sentencing. (Mot. at 6.) The Magistrate Judge concluded that because the other challenges raised in the Motion lacked merit, Petitioner had failed to establish that any "fundamental error" occurred prior to sentencing. (R & R at 17.) The Magistrate Judge concluded that Petitioner had effectively waived his right to collaterally attack his sentences. (*Id.*)

Petitioner does not object to the Magistrate Judge's finding that no "fundamental error" occurred. However, Petitioner does argue for the first time in his objections that his appeal waiver was involuntary because of ambiguities in the plea agreement and because his sentence was not consistent with the plea agreement. (Obj. to R & R at 12-15.) Because these grounds were not raised in the Motion or any of the briefing, the Magistrate Judge had no occasion to consider them. Generally, the Court is not required to address arguments raised for the first time in objections to a Magistrate Judge's report. *See United States v. Howell*, 231 F.3d 615, 621-22 (9th Cir. 2000). However, the Court's de novo review of the record shows clear evidence that Petitioner understood the waiver and entered his plea knowing that he would not be permitted to appeal or collaterally attack his conviction and sentence, so long as his sentence was consistent with his plea agreement. (*See Martinez,* 2:11-CR-00248-SRB, Doc. 78, Tr. of Sentencing Proceedings at 19-20 (showing that Petitioner answered affirmatively when the Court asked if he understood that he waived his rights to appeal in his plea agreement).) Further, Petitioner's sentence of 300 months' imprisonment and order to pay $16,149.00 in restitution were consistent with his plea agreement. (*See* Plea Agreement at 2-3 (showing that the parties stipulated that Petitioner shall be sentenced between 240 and 300 months' imprisonment and pay restitution in an amount not to exceed $50,000.00).) The Court agrees with the Magistrate Judge that Petitioner validly waived his right to appeal or seek collateral review of his sentence.

**III. CONCLUSION**

Having reviewed the record de novo, the Court concludes that the Report and

1 Recommendation is supported by the record and proper analysis. The Court adopts the
2 Report and Recommendation and denies the Motion.

3 **IT IS ORDERED** overruling the Objections to the Magistrate Judge's Report and
4 Recommendations (Doc. 13).

5 **IT IS FURTHER ORDERED** adopting the Report and Recommendation (Doc.
6 10).

7 **IT IS FURTHER ORDERED** denying the Motion Under 28 U.S.C. § 2255 to
8 Vacate, Set Aside, or Correct Sentence by a Person in Federal Custody (Doc. 1) and
9 closing the case.

10 **IT IS FURTHER ORDERED** denying a certificate of appealability and leave to
11 proceed in forma pauperis on appeal because Petitioner has not made a substantial
12 showing of the denial of a constitutional right.

14 Dated this 3rd day of November, 2014.

_____
Susan R. Bolton
United States District Judge